UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 04-22780-CIV-SEITZ/MCALILEY

PAUL ORAVEC,

    Plaintiff,

v.

SUNNY ISLES LUXURY VENTURES, L.C.,
et al.,

    Defendants.

_____/

### ORDER DENYING IN PART AND OTHERWISE STAYING DEFENDANTS' VERIFIED MOTIONS FOR ATTORNEYS' FEES AND COSTS

THIS CAUSE comes before the Court on Defendants, the Sieger Suarez Architectural Partnership, Inc., Charles Seiger and Jose Suarez's (collectively "Sieger Suarez Defendants") Verified Motion for Attorneys' Fees and Costs **[DE 279, 8/23/2006]** and Defendants, Sunny Isles Luxury Ventures L.C., Dezer Properties, LLC, Dezer Development, LLC, Michael Dezer, Gil Dezer, The Trump Corporation, Donald J. Trump, Residences at Ocean Grande, Inc., and Royal Development Holdings, LLC's (collectively "Trump and Developer Defendants") Verified Motion For Attorneys' Fees and Costs[1] **[DE 278, 8/23/06]**(collectively "Motions"). On August 1, 2006, the Honorable Patricia A. Seitz entered final judgment in

---

[1] The Trump and Developer Defendants adopt by reference the memorandum of law contained in the Sieger Suarez Defendants' Verified Motion for Attorneys' Fees and Costs [DE 278, pg. 2].

Defendants' favor [DE 276]. On August 7, 2006, the Plaintiff appealed that judgment [DE 277]. Thereafter, Defendants filed the present Motions, seeking the imposition of attorneys' fees and costs pursuant Federal Rule of Civil Procedure 54(d)(2), Local Rule 7.3, 17 U.S.C. § 505 and 28 U.S.C. § 1927.

As an initial matter, the imposition of fees against Plaintiff pursuant to 28 U.S.C. § 1927 must be denied. This Court cannot sanction Plaintiff pursuant to § 1927 as the plain language of the statute[2] clearly authorizes the imposition of fees only against attorneys – not their clients. Defendants' Motions do not explicitly ask to recover fees from Plaintiff's counsel, and even if they were construed as such, Defendants have not identified conduct by Plaintiff's counsel that was so unreasonable, vexatious and egregious that it amounts to bad faith. *Amlong v. Denny's, Inc.*, 457 F.3d 1180, 1190 (11th Cir. 2006).

Because Plaintiff has appealed the judgment entered against him [DE 277], there is good cause to stay consideration of the remaining issues in the Defendants' Motions pending the Eleventh Circuit's resolution of the appeal. Accordingly, this Court does hereby

**ORDER AND ADJUDGE** that Defendants' Motions for Attorneys' Fees and Costs [**DE 278, 279**] are **DENIED in part** and **STAYED in part** as follows:

1) The Defendants' request for fees pursuant to 28 U.S.C. § 1927 is **DENIED.**

---

[2]Section 1927 is titled "[c]ounsel's liability for excessive costs" and provides:
> Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

2) In all other respects, the Defendants' Motions for Attorneys' Fees and Costs are **STAYED pending resolution of the appeal.**

2) The Clerk of the Court is **DIRECTED** to mark Defendants' Motions **[DE 278, 279] administratively moot, for statistical purposes only.**

3) Defendants may move to restore their Motions to the active docket of this Court, if appropriate, within ten (10) days of a resolution by the Court of Appeals or at any time prior to that if circumstances change.

DONE AND ORDERED in Chambers at Miami, Florida, this 21st day of November, 2006.

/s/ Chris McAliley
JUDGE CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
District Judge Patricia A. Seitz
All Counsel of Record